KING, Plaintiff-Appellant, v. LOREN, THE UNIVERSITY REALTY COMPANY AND SCOTT, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 5107. Decided February 11, 1955.

Donald C. Calhoun, Jr., Columbus, for plaintiff-appellant.

Lowman, Patterson & Dunn, Columbus, for defendants-appellees, Loren and University Realty Co.

Howard C. Park, Columbus, for defendant-appellee, Walter H. Scott.

**OPINION**

By HORNBECK, J.

This is an appeal from a judgment against the plaintiff, King, and for the defendants and dismissing the petition at plaintiff's cost. Four errors are assigned, but there is but one question presented.

The facts are well set forth in the brief of the appellant and we adopt them, in the main. Appellant was a tenant in the renting housing accomodation, located at 1371 North High Street, Columbus, Ohio,

and was overcharged $15.00 per month. The overcharge is established by an order of the area rent director. The rents were collected and the premises managed by defendant, Loren. The record legal title to the described premises for the last seven months of the period of overcharge was in appellee, Scott, and it is said, it is in "evidence as stipulated Exhibit No. 3". It is also stated in appellant's brief "The instrument, in evidence and marked stipulation Exhibit No. 5, is the agreement establishing the relationship between the said James Loren and the defendant-appellee Walter H. Scott, which, according to Walter H. Scott, is conclusive as to this relationship and binding as between himself and the plaintiff-appellant".

Appellant's brief concludes "The sole issue is whether this defendant-appellee was the 'owner' of these premises under the rent control act and hence liable for the overcharge". Appellee, in his answer brief concedes the correctness of the facts, as stated in the brief of appellant, but insists that the issue is whether defendant-appellee is liable for the overcharge in accordance with the Housing and Rent Act.

At the outset, we observe that it is indeed doubtful if there is such a record as would require us to pass on this appeal. There was a stipulation of facts in the trial court. The so-called Exhibits 1, 3 and 5 are not so designated. There is no authentication of the stipulation of facts or the Exhibits either by the trial judge or by the court reporter under the statute.

Judge Bartlett, in a very short written opinion, said that:

"There is no showing the defendant Scott ever did demand, accept, receive or retain any payment of rent as prescribed by the Federal Code in question, and, consequently, there is no showing of liability on that part of the defendant Scott."

We believe that this conclusion is sound.

It appears that during the period of the last seven months overcharge in question, the record title of the premises involved was in the defendant-appellee Scott. However, although the deed was absolute in form and so recorded, there was a separate agreement which by construction reduced the title of Scott to that of a mortgagee. By this instrument, of date of July 5, 1951, which was contemporaneous with the passing of title to Scott under the deed heretofore mentioned, there was set forth the terms and conditions under which the deed was made to Scott and in the concluding paragraph, it is said:

"If I (the grantor, Loren) fail to comply with all of the terms and conditions above set forth, within the term named, you are to own and retain the title to the property free and clear from all and any claims on my part."

The paragraph immediately preceding reads:

"It is understood that the deed is delivered to you as security for the loan and that I am to continue to manage the property, collect the rents, pay taxes and the monthly payment to the Buckeye Building and Loan on the first mortgage, make all repairs in the same manner that I would if the title remained in my name."

Suffice to say, that the deed as interpreted and agreed by the parties thereto was but a mortgage. There was nothing in the supplemental

agreement from which it may be concluded that Scott had any control over the real property, that he collected directly or indirectly any of the rent or that he was related in such a way to the payment of the rents as that it might be said that he participated in the benfits thereof.

In the light of these facts, what were the respective rights of the parties under the controlling law and regulations as they appear in the brief of appellee. The definition of landlord in the Housing Rent Regulation is:

"Landlord includes any owner, lessor, sublessor, assignee, or other persons receiving or entitled to receive rent for the use or occupancy of any housing accomodation, or an agent of any of the foregoing."

It is the theory of the Act and the Housing Regulation that the landlord is the individual to whom rents should be paid. As we interpret the quoted language of the Regulation, an owner, lessor, etc., is not a landlord unless he is entitled to receive rent for the use or occupancy of housing accomodations or so receives rent as agent of owner, lessor, etc. The owner, under the facts here, was not the landlord of the tenant, the plaintiff.

It is significant that the Regulation conforms to the penalty provision of the Housing and Rent Act, which, as we have indicated, is designated in the brief as paragraph (a) of Section 2523 of that Act. It reads:

"(a) Any person who demands, accepts, receives or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this act, or any regulation, order, or requirement thereunder, shall be liable to the person from whom such payment is demanded, accepted, received or retained (* * *) for reasonable attorney's fees and costs as determined by the court plus liquidated damages in the amounts of", etc.

The penalty may be assessed only against the person who comes within the quotation just stated.

It seems clear that the true relation between Scott, the owner of the premises, and Loren, on behalf of the University Realty, was not that of principal and agent. Nor is there any proof from which it may be determined that the agreement referred to as Exhibit 5, in connection with the deed, was a subterfuge to permit Scott to avoid any liability by reason of overcharges under the Federal House and Rent Act.

Appellant presents a strong brief and cites a number of cases which we have examined. Without specific comment, suffice to say, that in these cases it appeared either that the parties who were held amenable to the Housing and Rent Act, were landlords, in fact, entitled to receive the rents, or the ones receiving the rents were their agents. In instances, the Courts cut through the apparent situation to get at the true facts and found that subterfuge had been resorted to to avoid the impact of the provisions of the Housing Act. The appellee here was not in the status of any of the parties held by the Courts to be liable for overcharges, and/or penalties, by reason of violation of the Housing and Rental Act.

No assignment of error is well made and the judgment must be affirmed. It is so ordered.

MILLER, PJ, and WISEMAN, J, concur.